UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA O'DWYER,

    Plaintiff,

v.

                                                                               Case No. 3:20-cv-572-J-32JBT

CIRCLE K STORES, INC.,
etc.,

    Defendant.

## **O R D E R**

    This slip and fall diversity case is before the Court on plaintiff's motion to remand (Doc. 9), in which plaintiff argues that defendant cannot demonstrate that the amount in controversy was sufficient at the time of removal. (The parties' citizenship is diverse; plaintiff does not argue otherwise.) Defendant filed a response in opposition (Doc. 10), attaching a demand letter and some medical records received pre-suit from plaintiff's prior counsel. Although the demand sought the policy limits (which exceed $1,000,000), plaintiff contends this was mere puffery. However, the information and records included with the demand show that plaintiff had already undergone surgery on her knee during which she received general anesthesia; she was in a wheelchair for six weeks post-surgery, and in a brace for seven weeks; she underwent sixteen

weeks of physical therapy; she was scheduled for six weeks of therapy on a shoulder fracture and rotator-cuff tear to be followed by possible surgery; she was incapable of working since the incident and had already lost wages of approximately $13,000; and she suffered innumerable intangible damages, including that she now walks with a limp.  Although plaintiff now states that at the time of removal, plaintiff's "recoverable economic damages" were "approximately $33,000" (Doc. 9 at 8), based on the information known to defendant at the time of removal, which included not only the concrete information provided in and with the demand letter, but the allegations of damages in plaintiff's complaint, the Court finds defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.[1]  See Dart Cherokee Basin Oper. Co., LLC v. Owens, 574 U.S. 81, 88 (2014); see also Doc. 10 (defendant's memo) at n.1 (listing state court jury verdicts exceeding $75,000 in cases with injuries similar to those alleged by plaintiff).

---

[1] Plaintiff's complaint alleged damages in an amount exceeding $30,000, the jurisdictional minimum.  See Doc. 4 (Complaint at ¶ 1).  Defendant states that plaintiff now admits she has $98,102 in past medical expenses.  See Doc. 10 at ¶ 4.

2

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 9) is **denied**.

2. By separate order, the Court will issue a Case Management and Scheduling Order.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of July, 2020.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record